UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EVELYNE CAMPBELL TAYLOR, ET AL.

VERSUS

NRG NEW ROADS HOLDINGS, LLC

CIVIL ACTION NO. 14-0067

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Rule 12(b)(6) Motion to Dismiss (Record Document 3) filed by Defendant NRG New Roads Holdings, LLC ("NRG"). NRG seeks dismissal of Plaintiffs' claims on multiple grounds, all of which are based on the October 14, 1999 Confirmation Order entered by the United States Bankruptcy Court for the Middle District of Louisiana. See id. Plaintiffs opposed the Motion to Dismiss. See Record Document 14. For the reasons which follow, the Motion to Dismiss is **DENIED**.

**BACKGROUND**

This is an action for declaratory relief under 28 U.S.C. §2201 that arises from a dispute between Plaintiffs and NRG as to the current ownership of the mineral rights on three tracts of land in Red River Parish, Louisiana ("the Property"). See Record Document 1 (Complaint) at ¶ III(A). "Plaintiffs claim that they collectively own 100% of the mineral rights on the Property, whereas . . . NRG . . . asserts that it is the owner of the mineral rights." Id.

The following facts are drawn from Plaintiffs' factual allegations set forth in the Complaint. Cajun Electric Power Cooperative, Inc. ("Cajun Electric") was a Louisiana cooperative association vested with the authority to expropriate property under Louisiana law. See id. at IV(A). Cajun Electric expropriated surface rights to the Property in state

court expropriation proceedings and judgments of expropriation were entered in 1980 and 1981. See id. at IV(B). Plaintiffs and/or their predecessors in title were the record owners of the Property at the time of the expropriation. See id. at IV(C). The judgments of expropriation expressly provided that the mineral rights in and to the Property were reserved unto Plaintiffs and/or their predecessors in title. See id. at IV(D).

Cajun Electric filed a petition for Chapter 11 bankruptcy relief in 1994 in the United States Bankruptcy Court for the Middle District of Louisiana. See id. at IV(E). The Property became property of the Cajun Electric bankruptcy estate pursuant to 11 U.S.C. §541, subject to the rights and obligations of Cajun Electric before it filed bankruptcy, including, without limitation, its obligations to Plaintiffs under Article 149 of the Louisiana Mineral Code. See id. at IV(F). Cajun Electric, acting through Ralph R. Mabey, its duly appointed bankruptcy trustee, purported to sell its interest in the Property to Louisiana Generating LLC by Act of Cash Sale dated March 27, 2000, effective March 31, 2000, filed in the conveyance records of Red River Parish, Louisiana. See id. at IV(G). By Act of Cash Sale dated March 27, 2000, effective March 31, 2000, filed in the Conveyance Records of Red River Parish, Louisiana, Louisiana Generating LLC purported to sell its interest in the Property to NRG. See id. at IV(H).

At the time of the 2000 sales, Article 149 of the Louisiana Mineral Code provided in pertinent part that:

 (A) Louisiana's ten year prescription of non-use would not run on mineral reservations as long as the surface of the property was held by a purchaser with expropriation authority; and

 (B) before an expropriating authority could sell property that had been expropriated, such as the Property, it was required to provide the prior owner(s) of the Property who reserved mineral servitudes in their conveyances, or their successors, with notice of the proposed sale and a right of first refusal to purchase the Property.

Id. at IV(I), citing La. R.S. 31:149. Plaintiffs allege that Cajun Electric did not provide them and/or their ancestors in title with notice of the proposed sale and their right of first refusal and opportunity to purchase the Property, all in violation of Plaintiffs' fundamental due process rights. See id. at IV(J). More specifically, Plaintiffs contend that the interest of the Cajun Electric bankruptcy estate in the Property was at all times subject to Article 149 of the Louisiana Mineral Code; therefore, any purported sale or transfer of the Property in the Cajun Electric bankruptcy case was subject to Plaintiffs' vested right of first refusal. See id. at IV(K).

Plaintiffs allege because they were never (1) given notice of the proposed sale of the Property and (2) afforded an opportunity to exercise the right of first refusal, the two sales of the Property are absolute nullities and are void *ab initio* under Louisiana law. See id. at IV(L). Because the Property was never legally transferred from Cajun Electric, Plaintiffs allege they own a mineral servitude on the Property pursuant to the reservation of mineral rights in their favor and/or their ancestors in title that was made when the Property was expropriated. See id. at IV(M).

Based on the foregoing allegations, Plaintiffs seek a judgment declaring that:

(1)  [NRG] has no ownership interest in the Property, including the mineral rights appurtenant thereto, because the purported sale of the Property to [NRG's] predecessor was an absolute nullity;

(2)  Plaintiffs' mineral servitudes in the Property reserved in the expropriation proceedings are still in force and effect;

(3)  The prescription of non-use relative to [P]laintiffs' mineral servitude has never commenced, and will never commence unless and until the Cajun Electric validly conveys the Property in accordance with Louisiana law, subject to a right of first refusal in favor of [P]laintiffs.

Id. at V.

NRG has now filed a Rule 12(b)(6) Motion to Dismiss, arguing that Plaintiffs'

collateral attack on the Confirmation Order is improper. See Record Document 3-1 at 2. More specifically, NRG argues that this Court should grant its motion because (1) it purchased the Property free and clear of whatever rights Plaintiffs held with respect to the Property; (2) whatever rights Plaintiffs held with respect to the Property were released pursuant to the Confirmation Order; and (3) Plaintiffs are enjoined from bringing this action under the express provisions of the Confirmation Order. See id. at 4-5. Alternatively, NRG contends that the appropriate forum for Plaintiffs to present their dispute is in the Bankruptcy Court. See id. at 4; Record Document 18 at 2-3, 9-10.

## LAW AND ANALYSIS

**I.     Rule 12(b)(6) Standard.**

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure (b)(6). In assessing the motion, the Court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–1965 (2007).

The facts alleged, taken as true, must state a claim that is plausible on its face. See Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir.2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint is not sufficient if it offers only "labels and

conclusions," or "a formulaic recitation of the elements of a cause of action." Id., quoting Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.

## II. Analysis.

The Court finds that Plaintiffs' factual allegations raise a right to relief above the speculative level. The well-plead allegations of Plaintiffs' complaint, if accepted as true, show that Plaintiffs were unconstitutionally deprived of their property rights without notice of any kind, much less the specific form of notice required by Louisiana law and federal bankruptcy law. See La R.S. 31:149; 11 U.S.C. § 363(f); Federal Rule of Bankruptcy Procedure 2002(a) & 6004(a). NRG's argument that Plaintiffs must have had notice of the Cajun Electric bankruptcy case is misplaced at this stage of the litigation, as this Court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to Plaintiffs. Moreover, most, if not all, of the cases cited by NRG pertain to creditors who participated in the bankruptcy proceeding in some manner. The facts plead in the complaint easily show that Plaintiffs in no way participated in the Cajun Electric bankruptcy case. Based on the factual allegations set forth in the complaint, it is reasonable to infer that the sale of the Property was an absolute nullity; that Plaintiffs' mineral servitudes in the Property reserved in the expropriation proceedings are still in force and effect; and that the prescription of non-use has never commenced. Because it is reasonable to infer that Plaintiffs can offer evidence that would entitle them to relief, NRG's Rule 12(b)(6) Motion to Dismiss must be **DENIED**. Additionally, at this stage, the Court declines NRG's alternative request to refer this matter to the Bankruptcy Court.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiffs' well-plead factual allegations raise a right to relief above the speculative level and it is reasonable to infer that

Plaintiffs can offer evidence that would entitle them to relief. Accordingly,

**IT IS ORDERED** that NRG's Rule 12(b)(6) Motion to Dismiss (Record Document 3) be and is hereby **DENIED**. Additionally, at this stage, the Court declines NRG's alternative request to refer this matter to the Bankruptcy Court.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of June, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE